UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| ROBERT YOUNG, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2: 19-132-DCR |
| | ) |
| V. | ) |
| | ) |
| CAMPBELL COUNTY STATE'S | ) **MEMORANDUM OPINION** |
| ATTORNEY OFFICE, et al., | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Robert Young has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Young alleges that state prosecutors provided more than a dozen co-defendants in a drug prosecution with personally-identifying information regarding him, and contends that this disclosure violated his constitutional rights. [Record No. 3] The Court must conduct a preliminary review of the complaint before it may proceed further. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468 (6th Cir. 2010).[1]

Young is currently confined at the Campbell County Detention Center ("CCDC"). In January 2019 he was caught stealing a package from a front porch. *Commonwealth v. Young*, No. 18-F-00823 (Campbell Dist. Ct. 2018). Young pleaded guilty to theft of mail and was

---

[1] When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill*, 630 F. 3d at 470-71.

sentenced to three years of imprisonment on April 29, 2019. *Commonwealth v. Young*, No. 19-CR-00055 (Campbell Cir. Ct. 2019).[2] However, before that sentence was imposed, Young was caught using methamphetamine in CCDC. *Commonwealth v. Young*, No. 19-F-00217 (Campbell Dist. Ct. 2019). Young has been charged with promoting contraband in the first degree and being a persistent felony offender in the first degree, with a trial currently scheduled for mid-November. *Commonwealth v. Young*, No. 19-CR-00304 (Campbell Cir. Ct. 2019).[3]

Young states in his complaint that, at some point in June 2019, his court-appointed attorney provided him with a copy of the discovery received from the Commonwealth's Attorneys Office in Campbell County. Young indicates that those documents set forth the social security number, address, sex, race, height, weight, hair color, eye color, and date of birth for each of the sixteen inmates – including himself – charged with drug possession and promoting contraband.[4] He believes that all sixteen inmates received the same information about him, and he contends that this disclosure violated his constitutional rights.[5] [Record No. 3 at 2-4] Young has named as defendants the "Campbell County States Attorney Office," the "State of Kentucky," and the "Northern Kentucky Drug Strike Force." The nature of the relief

---

[2] See https://bit.ly/2Mmjf6k and https://bit.ly/2IYknuN (last visited on October 16, 2019).

[3] See https://bit.ly/2MKFv8Z and https://bit.ly/2IYknuN (last visited on October 16, 2019).

[4] This information is also set forth in the police citations issued in Young's criminal cases, which are a part of the court record in each case. The docket for each case also sets forth an address for Young. This information is a matter of public record, is readily ascertainable through review of the case files, and is available online. See notes 2-3, *supra*.

[5] Young's belief that the sixteen inmates are co-defendants in a single case is incorrect. The other inmates, such as Marion Campbell identified by Young, are being prosecuted in separate cases. See *Commonwealth v. Campbell*, No. 19-CR-00292 (Campbell Cir. Ct. 2019); https://bit.ly/35yvOmy (last visited October 16, 2019).

Young seeks is unclear; he states only that he wishes to hold these defendants "liable" or "accountable." *Id*. at 1, 8.

The Court has reviewed the complaint but concludes that it must be dismissed. First, the complaint fails to name a viable defendant. Young sues the Commonwealth of Kentucky and the Commonwealth's Attorneys Office for Campbell County as defendants, but the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against a state, its agencies, and state officials sued in their official capacities. *Brent v. Wayne Co. Dept. of Human Servs.*, 901 F. 3d 656, 681 (6th Cir. 2018); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). Such entities are also not suable "persons" within the meaning of 42 U.S.C. § 1983. *Kanuszewski v. Mich. Dept. of Health and Human Servs.*, 927 F. 3d 396, 417 n.11 (6th Cir. 2019); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63-67, 71 (1989).

Kentucky itself is plainly entitled to immunity, and the Commonwealth's Attorneys Office also qualifies as an "arm of the state" for Eleventh Amendment purposes. *Joseph v. Office of Perry Cty. Com. Attorney*, No. 6:14-CV-97-KKC, 2014 WL 2742796, at *2 (E.D. Ky. June 16, 2014) ("The Commonwealth's Attorney's office, which is a constitutionally-established office of the state government, is without question an integral extension of the state such that suit against the office may be legitimately classified as brought against the Commonwealth.") (internal quotation marks omitted). For its part, the "Northern Kentucky Drug Strike Force" is not a formal organization or legal entity. Rather, it is an informal arrangement between law enforcement officers and prosecutors in Boone, Kenton, and Campbell Counties. See http://nkdsf.org/index.php/about-nkdsf/history-2/. Because the three

defendants named by Young are not suable entities or are immune from suit, the claims against them must be dismissed.

Second, while Young's allegations might suggest a violation of some other statutory or common law right under state or federal law, they do not amount to a violation of his rights under the United States Constitution. Courts reviewing claims of this nature have couched the question in terms of whether the disclosure of assertedly "personal" or "private" information is a violation of a "right to privacy" which may (or may not) be embodied in the Fourteenth Amendment. On several occasions the United States Supreme Court has assumed that such a right exists (although not without dissent) for purposes of discussion, but has declined repeated invitations to expressly find that the Fourteenth Amendment includes such a right. *Whalen v. Roe*, 429 U.S. 589, 603-05 (1977); *NASA v. Nelson*, 562 U.S. 134, 147-48 (2011). Following a similar tack, different federal courts have reached divergent results on the scope of the right of privacy. Cf. *Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009) ("... criminal records, including police reports, indictments, guilty verdicts, and guilty pleas, are inherently public - not private - documents and are thus beyond the purview of the Due Process Clause."); *Dillard v. City of Springdale, Arkansas*, 930 F. 3d 935, 941-42 (8th Cir. 2019) (acknowledging existence of right but noting that it extends only to "the most intimate aspects of human affairs."); *Watts v. City of Miami*, No. 15-21271-Civ-Scola, 2016 WL 8939143, at *6 (S.D. Fla. Feb. 22, 2016) ("Courts have found that disseminating personal information including social security numbers, driving history, photographs, vehicle tag numbers, driver's license numbers, personal signatures, home addresses, and birth dates did not violate the right to privacy under the Fourteenth Amendment.") (collecting cases).

The Sixth Circuit "has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature." *Wiles v. Ascom Transp. System, Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012) (quoting *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (citations omitted)). Applying this standard, the Sixth Circuit has held that a county clerk's public disclosure of a person's social security number on a website did not implicate any privacy interest that is "implicit in the concept of ordered liberty," and thus did not establish a violation of rights protected by the Constitution. *Lambert*, 517 F. 3d at 436, 442-46. See also *Barber v. Overton*, 496 F.3d 449, 455-57 (6th Cir. 2007) (release of prison guards' birth dates and social security numbers did not rise to level of constitutional violation); *Cutshall v. Sundquist*, 193 F.3d 466, 481 (6th Cir. 1999) ("the Constitution does not provide Cutshall with a right to keep his registry information private.") Thus, the release of descriptive identifying information regarding Young, which was already part of the public record through police citations and court dockets, does not state a claim for violation of rights protected under the Fourteenth Amendment. *Lambert*, 517 F. 3d at 436.

Accordingly, it is hereby

**ORDERED** that Plaintiff Robert Young's complaint [Record No. 3] is **DISMISSED** and this action is **STRICKEN** from the Court's docket.

Dated: October 18, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky